Bernz v. Marcus Sayre Co.

OTTO BERNZ, appellant,

*v.*

THE MARCUS SAYRE COMPANY, respondent.

1. A contractor, for erecting a building under a contract which stipulated for payment upon the certificate of an architect that the work was completed according to contract, gave complainants an order payable out of the amount to become due, which the owner accepted and agreed to pay on condition that the work was approved by himself and his architect. The contractor abandoned the work before completion. The debt for which the order was given was for materials furnished for the erection of the building, and the complainants, at the request of the contractor, released his right to a lien on the building.—*Held*, on demurrer to the bill, that a suit in equity by the complainants against the owner would not lie to compel the payment of the order, the complainants' remedy (if any) being by a suit at law upon the contract contained in the acceptance of the order.

2. Assuming that the order given by the contractor was an equitable assignment, its effect was simply to subrogate the assignee to the rights of the assignor under the contract. Such an assignment would not enure to deprive the other party to the contract of the benefit and advantage of the terms and conditions contained in it.

3. The building contract contained a provision that if the contractor, at any time during the progress of the work, should refuse or neglect to supply a sufficiency of materials or workmen, the owner should have power to provide

materials or workmen after three days' notice to the contractor, and deduct
the expense from the contract price.—*Held* that, if the contractor abandoned.
the work before completion, neither the contractor nor his assignee could.
require the owner to complete the work and compel him to account for the
balance of the contract price after deducting the cost of completing the work.

On appeal from an order advised by Vice-Chancellor Bird, in
*Marcus Sayre Co.* v. *Bernz*, who filed the following conclusions:

The complainant holds an order for $400, drawn by a build-
ing contractor upon the defendant, who was the owner. The
object of the bill is to compel payment of this money or to
secure the payment of the whole amount due upon the contract
into this court. The bill alleges that the order was presented
to the defendant, and that he accepted it by first writing over
his name "if the work should be approved by myself and the
architect." The bill further alleges that the contractor left the ·
work unfinished, but that the amount of work necessary to com-
plete it was but slight. It also alleges that the contractor gave
this order upon the 29th day of August, 1892, upon which day it
was so accepted, and that on the 3d of September the contractor
abandoned the work and departed from this state, and that his
whereabouts is entirely unknown to the complainant. It is
likewise stated that the complainant urged the owner to com-
plete the building according to the contract, and that in Feb-
ruary last he served written notices upon him requiring him to
complete the building according to the contract and to pay the
balance which might remain due in his hands into this court for
the benefit of those who are entitled thereto, but that he has·
wholly neglected so to do. It is charged that this conduct upon
the part of the defendant is fraudulent, and that his refusal
amounts to a fraud upon the complainant.

The first cause of demurrer goes to the allegation of fraud,
and insists that it does not sufficiently appear upon the bill that
the defendant is liable to any such insinuation. It is my clear
judgment that in this respect the demurrer cannot be sustained..
The bill shows that the houses are very nearly completed; that
the defendant has taken possession of them, and has for some·

time enjoyed the rents and profits of them; that under the con-
tract it was expressly provided that he should have the right to
finish the same in case the contractor·neglected so to do; that
he has been requested by the complainant, who had an interest
therein, to comply with the terms of the contract in this respect,
and that he has failed for several months to specifically per-
form his promises.    It seems very plain to me that when the
Mechanics' Lien law is taken into the account that all persons
who supply labor or materials to the building mentioned in such
contract have an interest therein which will justify them in
claiming the aid of this court, and that when it·becomes neces-
sary for them so to do in order to protect their rights, he who
willfully refuses to perform his part of such a contract is clearly
guilty of fraud in the-eye of the law.

The next cause assigned for demurrer is that there is no alle-
gation in the bill that the defendant ever gave the three days'
notice required by the contract to the contractor that he must
·complete the said building according to the contract, and in case
he failed so to do that the defendant would then proceed to
complete the building; nor that the defendant has had an oppor-
tunity to make such service.    This is founded upon the allega-
tion that the contractor abandoned the work on the 3d of Sep-
tember, and that his whereabouts has since been unknown, so
that it appears by the bill that it is impossible for the defendant
to give such notice.    There is no foundation whatever for objec-
tion in this.    Clearly, if under such a contract the owner could
take advantage of the absence of the contractor and offer it as an
excuse for not finishing the work when it was so nearly com-
pleted as in this case, and refuse to pay all laborers and material-
men, the law would work an unheard-of mischief.    Besides, the
contract expressly states "that if the contractor, at any time, re-
fuses to supply material or workmen, the owner may supply the
:same and complete the work according to the contract."    With-
·out such provision the court would have no difficulty in fixing
the rights and liabilities of·the respective parties; but with such
provisions there is not room for even hesitation, say nothing
about discussion.

It is also urged that the bill is defective in that it does not expressly declare that the time has as yet arrived within which the contractor was to finish the contract. The bill shows that the contractor earned his first and second payments, and that they were paid, and that he also earned the greater part of the third and last payment; that upon the same day upon which the said order was given and accepted, the complainant, at the request of said contractor, released all his rights and interests in the said buildings; that on the 3d of September the said contractor left for parts unknown, and that at that time he had almost but not quite completed the buildings according to his contract; and that the said defendant has taken possession of said houses, has leased the same and has collected the rents; and that when the complainant again demanded the payment of the said order, after the defendant had taken possession of the buildings, the defendant refused to pay the same, and gave as a reason therefor the fact that the contractor had not finished the said buildings according to the contract and specifications.

In my judgment, this brief outline of the statements of the bill forms a satisfactory answer to the last ground of demurrer and supplies that certainty to a common intent which is essential to constitute good pleading. It shows that for more than five months before the bill was filed the contractor had abandoned the contract, and that at that time the buildings were almost but not fully completed, and that the defendant was requested to pay the amount of the order which he had accepted, and that he refused to do so, and assigned as a reason for his refusal that the contractor who gave the order had not completed the buildings according to the terms of the contract, showing not that the money under the terms of the contract in point of time, with reference to any particular date, was not yet due, but that it was not due because the contractor had failed to complete the contract according to the terms thereof, showing that he was in default. Now, it thus appearing that the contractor was in default, and it also appearing as above stated that when the contractor fails to supply material or workmen for the completion of said building, the owner has the right to do so, then clearly

it is the duty of the owner to perform the work which he has by his contract obliged himself to perform.

Nor is there substantial ground of objection to the bill because of the want of an allegation that the buildings were completed to the satisfaction of the architect. The bill expressly meets this requirement of the contract and avoids it by first stating that the buildings are not completed, and showing that, according to the terms of the contract, it is the duty of the owner himself to complete them. As above intimated, if the neglect of the owner, under such circumstances, should be supported by the courts, it would work a perpetual bar to the just claims of every workman and materialman who relied upon the supposed beneficial provisions of this statute.

The insistment that the complainant has a complete remedy at law is not only answered by the above paragraph, but also by the fact that the order was conditionally accepted, which condition, as above clearly appears, has not yet been overcome. See, also, authorities in the case of *Bradley & Currier Co., Limited,* v. *Bernz, 6 Dick. Ch. Rep. 437.*

The last cause of demurrer is that the contractor has not been made a party. It is insisted that he has an interest in the fund in hand. He may have an interest in the fund in hand, but he has no interest whatsoever in so much of it as is necessary to satisfy the order which he has given. To that extent he has disposed of his interest. The complainant asks for nothing beyond that. The rest of the fund the complainant does not propose to meddle with, but by its bill proposes to leave that to the care of the defendant. The bill plainly admits the rights of the defendant, and the law as fully provides for the protection of the defendant. The defendant is presumed to know the extent of his rights. Let him discover by proper pleadings to the complainant and to the court, and in case that it appears that others have equal or superior rights to this fund with the complainant, the bill provides for such contingency by praying that the whole fund may be brought into this court. It hardly needs the suggestion that the defendant, by his cross-bill, can show a completion of this contract according to the terms thereof, avail-

ing himself of every right thereunder, and so working out a complete settlement of all the questions which arise under the Mechanics' Lien law.

The demurrer should be overruled, with costs.

*Mr. Elias F. Morrow*, for the appellant.

*Messrs. Johnson & Pilch*, contra.

The opinion of the court was delivered by

DEPUE, J.

The bill in this case was filed by the Marcus Sayre Company against Otto Bernz. No other persons are parties to this suit.

The bill is demurred to for want of equity, and one of the causes of demurrer assigned is that the complainant's remedy, *if any*, is by a suit at law.

The facts as they are gathered from the averments in the bill are these: One Frederick B. Blenkert made a contract in writing with the defendant to do the mason work for the three houses 274, 276 and 278 South Ninth street, in the city of Newark, and to furnish the materials for completing and finishing the same according to the specifications for the mason work, for the sum of $1,300, to be paid in three payments, at certain stages in the progress of the work, on the production of the certificate of the architect that the work had been done in strict accordance with the drawings and specifications, and that the said architect considered said payments properly due to said contractor. The last payment of $600 was to be made when the buildings were all completed in a good and proper manner, as per plans and specifications. The contract was dated June 1st, 1892, and was duly filed in the clerk's office before the buildings were commenced.

The complainants furnished to Blenkert materials for the said mason work, for which he became indebted to the complainants in the sum of $400. For this indebtedness Blenkert gave complainants an order in these words:

Bernz v. Marcus Sayre Co.

"NEWARK, N. J., August 29th, 1892.

"OTTO BERNZ—Pay to Marcus Sayre Company the sum of four hundred dollars and deduct the same from my contract on job 274, 276 and 278 South Ninth street.

"FRED. B. BLENKERT."

This order being presented to Bernz by the complainants, he wrote and signed at the foot of it an acceptance, as follows:

"NEWARK, N. J., August 29th, 1892.

"I agree to accept the above order and to pay the mentioned amount if work is approved by myself and architect.

"OTTO BERNZ."

On the same day the complainants, at the request of Blenkert, released his right of lien upon the said houses.

The bill charges that Blenkert proceeded with the execution of his contract and earned his first and second payments, which were paid to him without the architect's certificate, and that he had earned the greater part of the third and final payment and had done extra work and furnished extra materials under the contract, and that the said defendant has not paid the third payment mentioned in the contract nor for the extra work and materials. It further alleges that Blenkert, on or about the 3d of September, 1892, left the city of Newark and "departed for some place unknown to the complainants," and that at the time of his departure he had almost but not quite completed his contract, and that there was enough due him from the defendant for work done under the contract and for extra work and materials and for laying flagging in front of the houses to enable the defendant to complete the houses according to the plans and specifications and pay the complainants' order, and that the defendant has let out portions of the said houses to tenants and collected rents therefor. The defendant refused to complete the buildings in fulfillment of Blenkert's contract or to pay the complainants the amount of the order. Hence this suit in a court of equity.

The relations of the parties concerned in this controversy, their several and respective rights, duties and obligations, rest

upon contract. The defendant's contract with Blenkert was to pay the contract price upon the certificate of the architect, the final payment to be made upon the completion of the work according to the plans and specifications and on the production of the architect's certificate that Blenkert had so done the work and that the payment to be made when the work was completed was properly due to the contractor. A stipulation of this character in a building contract is valid and binding, and no action can be maintained upon it without the production of the certificate or proof that its production was waived or that the certificate was fraudulently withheld. *Byrne* v. *Sisters of St. Elizabeth, 16 Vr. 213 ; Chism* v. *Schipper, 22 Vr. 1.* On the facts disclosed in this case, the defendant, by the terms of his contract, was under no obligation or duty to pay Blenkert.

The obligation of the defendant to the complainants also arose upon a contract between them expressed in the acceptance of the order. By the acceptance, the defendant agreed to pay the order on condition that the work was approved by himself and the architect. The contract contained in the acceptance is a contract cognizable in an ordinary suit at law, as clearly so as the acceptance of a draft or bill of exchange. And if, upon the trial of such a suit, the architect's certificate was fraudulently withheld or its production was waived by the acceptance of the work as it was done, recovery may be had as upon a *quantum meruit. Chism* v. *Schipper, supra ; Bozarth* v. *Dudley, 15 Vr. 304.* The problem for consideration is whether the facts appearing in this bill are sufficient to withdraw this litigation from a court of law and commit it to the cognizance of a court of equity.

The prayer of the bill, in the first instance, is that the order of Blenkert, in favor of the complainants, be decreed to be an equitable lien upon the moneys due and to grow due to him under his contract with the defendant. An order such as the complainants obtained from Blenkert would, in equity, be treated as an equitable assignment, which would be protected and enforced in equity. It was so decided in *Superintendent of Schools* v. *Heath, 2 McCart. 22,* and in *Kirtland* v. *Moore, 13 Stew. Eq. 106 ; The Board of Freeholders* v. *Lindsley, 14 Stew. Eq. 189 ;*

*Lanigan* v. *Bradley, 5 Dick. Ch. Rep. 201, 796.* But the effect of such an assignment was merely to put the complainants upon the footing and in the place of Blenkert, and to subrogate them to his rights under his contract. Neither in law nor in equity will an assignment by one contracting party of his interest in a contract or of money due or to grow due thereon enure in favor of the assignee, to deprive the other party of the benefit and advantage of the terms and conditions contained in the contract. The cases above cited were decided on bills of interpleader filed by the owner, and the money which constituted the fund in controversy was admitted to be due and was paid into court. The infirmity in the complainants' case, on the doctrine of equitable assignment, wholly ignoring the terms of the defendant's contract of acceptance, is that there is no money in the defendant's hands due to Blenkert under his contract—no fund to which the assignment attached.

Nor is there any ground for resort to a court of equity arising from a multiplicity of parties claiming adversely to each other. In *Shannon* v. *Mayor of Hoboken, 10 Stew. Eq. 123, 318,* the fund in dispute was admitted to have been earned by the contractor under the building contract. The city claimed to retain it in virtue of a provision in the contract authorizing the city to withhold moneys earned under the contract and apply them in payment of debts contracted by the builder for labor and materials. The contractor had drawn orders in favor of certain persons upon the city, and several persons who had furnished labor and materials in the performance of the contract had presented to the city claims for payment under the stipulation above mentioned. The question in controversy was, which of these claimants was entitled to the fund in the hands of the city, and in what order the parties should be paid. Because of the conflicting claims of several parties to the fund, chancery acquired jurisdiction. A court of equity, into which all persons interested might be brought as parties, was necessary to settle the rights of the several claimants and determine the order in which they were entitled to participate in the fund. The bill, though not

in form, was, in substance, a bill of interpleader, and all persons claiming an interest in the fund were made parties.

No circumstances of this nature exist in this case. The complainants have the contract of the defendant to pay the sum of money named in the order, qualified only by the condition expressed in the acceptance. In the enforcement of this contract, third persons, whether they be claimants under the Mechanics' Lien law or otherwise, have no concern. The undertaking of the defendant is to pay absolutely on the condition named in the acceptance. The conflicting claims of other persons to the money are not provided for. The complainants have so treated the case. No persons are made parties to this suit except the defendant, Bernz.

In the next place, the complainants rely upon a provision in the contract of Blenkert with the defendant, that should the contractor, at any time during the progress of said work, refuse or neglect to supply a sufficiency of materials or workmen, the owner *should have power* to provide materials or workmen, after three days' notice in writing has been given to said contractor to finish the said work, and the expense should be deducted from the amount of the contract.

Acting on the assumption that this provision created an obligation or duty on the part of the defendant to complete the houses in fulfillment of Blenkert's contract, the complainants, on the 8th of February, 1893, served on the defendant the following notice signed by the complainants:

"Take notice that we do demand that, without delay, you proceed to complete the houses numbers 274, 276 and 278 South Ninth street, in the city of Newark, New Jersey, to the extent required by the articles of agreement entered into by one Fred. B. Benkert with you, for the doing of the mason work and for the furnishing of the mason's materials required by the drawings and specifications mentioned in said articles of agreement, as necessary for the completion of the said work, and that, after deducting the expense thereof from the amount of the last payment mentioned in said articles of agreement, and the amount now in your hands, which has been earned by said Fred. B. Benkert for extra work done and materials furnished in and about the erection of the said houses, you pay the overplus above the amount required for the

completion of said houses, up to the sum of four hundred dollars, to us, under an order given to us by said Fred. B. Benkert, bearing date August 29th, 1892, for four hundred dollars, and conditionally accepted by you."

The charge in the bill is that the defendant refused to comply with this request, with intent to cheat and defraud the complainants, to the end that the complainants be deprived of all remedy at common law. The prayer for relief adapted to this feature of the case is that the defendant account, in the court of chancery, for the cost of completing the said houses as aforesaid, and that he pay into court the balance left in his hands, after deducting a sufficient amount to finish and complete the said houses according to the drawings and specifications.

The provision appealed to by the complainants is usual in building contracts. Such a provision is designed to confer upon the owner a right, or, as is expressed therein, a power to be exercised in his discretion. It applies to a contract in the course of its execution, and is subject to the condition that the owner shall give the contractor three days' notice in writing, requiring him to finish the work. It neither supersedes nor qualifies the other provisions in the contract, except as the owner may elect to avail himself of the privilege conferred. Under a contract like that between Blenkert and the defendant, the contractor is not at liberty to abandon the work and require the other contracting party to complete it for him, and compel him to account for the balance of the contract price after deducting the cost of completing the work. Discretionary powers of a similar character are found in other contractual relations, and it has never been thought that therefrom an obligation or duty arises in favor of the other party. A landlord may have power to take possession of demised premises under a right reserved in the lease to re-enter for non-payment of rent, but it has never been considered that the tenant may compel his landlord to re-enter or avail himself of his neglect or refusal to re-enter as a defence to an action for rent, although the tenant may have abandoned possession of the premises. A mortgagee may have a right to enter upon and take possession of mortgaged premises on non-payment of the princi-

pal or interest of the mortgage debt, but it has never been suggested in proceedings in equity to foreclose the mortgage or for redemption, that the failure of the mortgagee to exercise this right will impose upon him an obligation either to abate the interest of or account for the rental value of the premises, although the premises have been left vacant and unoccupied, and the proceedings in the equity court are taken by or against a subsequent mortgagee or encumbrancer. As between Blenkert, to whose rights the complainants have succeeded, and the defendant, it is entirely clear that Blenkert could not avail himself of this provision in the contract to avoid the consequences of his failure to perform his contract.

Nor is the charge of fraud sustained by any facts set out in the bill. The defendant placed his contract with Blenkert on file, in conformity with the Mechanics' Lien law. The release executed by the complainants was given at the instance of Blenkert, and they voluntarily accepted, in lieu of the lien provided for by the Mechanics' Lien law, as modified by the act of 1890 (*P. L. of 1890 p. 449; Anderson* v. *Friedlander, 25 Vr. 375*), an agreement by the defendant to pay the amount of the order, on a condition plainly expressed therein. There was no representation or concealment by the defendant which would give rise to a surmise of fraud.

The complainants have no ground for equitable relief under the provision in question, for the reason that that provision created no obligation or duty on the part of the defendant.

If it had appeared that the plaintiffs had offered to complete Blenkert's contract, and that the defendant had refused to permit them to do so, there might have been plausible ground for equitable relief. But no such case appears, and on the bill as framed there are no facts which would withdraw this litigation from the forum of a court of law. Whatever remedy the complainants have must be obtained by suit on the defendant's contract in the acceptance of the order.

The decree overruling the demurrer should be reversed, and a decree entered sustaining the demurrer and dismissing the bill.

*For reversal*—THE CHIEF-JUSTICE, ABBETT, DEPUE, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN—10.

*For affirmance*—DIXON, KRUEGER—2.